IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE ESTATE OF MARY KLABOE, deceased, by and through her personal representative, JUDE RUSSELL, on behalf of the heirs of MARY KLABOE,<br><br>Plaintiffs,<br><br>vs.<br><br>MARQUIS COMPANIES I, INC., an Oregon corporation; DENISE MAAS, individually; and PAMELA MELVIN, individually,<br><br>Defendants. | Case No. CV-12-111-BLG-RFC<br><br><br>ORDER GRANTING MOTION TO REMAND |

**I.   INTRODUCTION**

Plaintiffs allege Defendants were negligent for allowing 92 year-old Mary Klaboe to wander out of an unlocked door of the Marquis Vintage Suites residence facility in Billings, Montana.  Ms. Klaboe subsequently fell and suffered injuries that ultimately led to her death.  Named as Defendants Marquis Companies I, Inc., an Oregon corporation that operates the facility, and Denies Maas and Pamela Melvin, employees of the facility who Plaintiffs allege are personally negligent.

1

Defendants removed to this Court on diversity grounds, alleging Maas and Melvin were fraudulently joined to defeat diversity jurisdiction. That issue is addressed in the motions pending before the Court, Defendant's Motion to Dismiss (doc. 7) and Plaintiffs' Motion to Remand (doc. 11). Consistent with this Court's jurisprudence in a recent line of cases, the Court concludes Plaintiffs' Motion to Remand must be granted and Defendants' Motion to Dismiss must be denied.

## II. ANALYSIS

The removal in this case was proper if there was complete diversity of citizenship–that is, if each of the plaintiffs is a citizen of a different state than each of the defendants. 28 U.S.C. § 1332; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). In considering whether there is complete diversity, however, courts ignore defendants who were fraudulently joined solely to defeat diversity jurisdiction. *Morris*, 236 F.3d at 1067. A defendant is fraudulently joined if the claim against that defendant would not survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss: "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the

state." *Id.* (internal quotations omitted).

A claim is subject to dismissal under Rule 12(b)(6) Fed.R.Civ.P. for failure to state a cause if action if it lacks a cognizable legal theory or if it fails to plead sufficient facts to state a claim for relief that is plausible on its face. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). A facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plausible does not mean probable, but there must be more than a "sheer possibility" of unlawful action on the part of defendant. *Id.*

Finally, since the question of whether Plaintiffs have alleged a plausible cause of action arises in the context of removal and remand, it must be noted that the removal statute is strictly construed and defendants must overcome the presumption against removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009), *citing Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). Any doubt about the right of removal requires remand. *Id.* This is because the theme underlying diversity jurisdiction, one of "jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in

order to keep them free for their distinctive federal business," is especially applicable in the context of removal and remand. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (internal quotations omitted).

Plaintiff argues this case must be remanded and the motion to dismiss denied because the Estate has stated a valid negligence claim against Maas and Melvin, employees of Marquis whose personal negligence led to the death of Ms. Klaboe. Defendants respond that Montana law shields employees of a corporation from person liability for acts taken on behalf of the corporation. *Phillips v. Montana Education Assoc.,* 610 P.3d 154, 157 (Mont. 1980). But whether or not Maas and Melvin will ultimately be liable is not yet at issue as Plaintiffs are not required to prove the case at this point. Further, as noted in recent orders of this Court, *see e.g. Castro v. ExxonMobil Oil Corp.,* 2012 WL 523635, * 3 (D. Mont. 2012), in 2009 the Montana Supreme Court affirmed the longstanding rule that corporate agents can be personally liable if they were personally negligent or their actions were tortious in nature. *Ammondson v. Northwestern Corp.*, 220 P.3d 1, 21 (Mont. 2009) citing *Crystal Springs Trout Co. v. First State Bank of Froid*, 732 P.2d 819, 823 (Mont. 1987).

Plaintiff makes the following allegations against Maas and Melvin:

- Maas and Melvin are residents of Billings, Montana and were employed by

4

    Marquis Vintage Suites at Grand Park, doc. 3, ¶¶ 4-5;

- Defendant Denise Maas had participated in interviews with Mary Klaboe and had personal experience and knowledge regarding Mary Klaboe's tendency to wander and exit-seek. Additionally, Denise Maas signed documents acknowledging Mary needed special supervision and protection because of her propensity to wander and exit-seek. As such, she is sued not only as an agent of Marquis Companies, but individually, because she was actively involved in, and participated in, decisions to ignore facts and warnings regarding Mary's wandering and exit seeking. Those facts and warnings were ignored and led exactly to what Defendant Maas had assured Mary and her family would not happen -Mary exited through a door that was supposed to be locked, fell, and was seriously injured, resulting in death. *Id.* at ¶ 7;

- Defendant Pamela Melvin had participated in interviews with Mary Klaboe and had personal experience and knowledge regarding Mary Klaboe's tendency to wander and exit-seek. Additionally, Pamela Melvin signed documents acknowledging Mary needed special supervision and protection because of her propensity to wander and exit-seek. As such, she is sued not only as an agent of Marquis Companies, but individually, because she was actively involved in, and participated in, decisions to ignore facts and warnings regarding Mary's wandering and exit-seeking. Those facts and warnings were ignored and led exactly to what Defendant Melvin had assured Mary and her family would not happen–Mary exited through a door that was supposed to be locked, fell, and was seriously injured, resulting in death. *Id.* at ¶ 8;

- Under existing state common and statutory law Defendants Marquis Companies, Denise Maas, and Pamela Melvin owe a duty to provide the individuals under their watch reasonable care. Defendants had a heightened duty of care to Plaintiff because each Defendant knew that Mary was wandering and exit-seeking. *Id.* at ¶ 26;

- Each Defendant breached their duty to Mary because, despite their knowledge and warnings regarding her propensity to wander and exit-seek, a door that was required to remain locked was left open and Mary went

outside, fell, and was seriously injured which lead to her death.  *Id.* at ¶ 27;

- Defendants' negligence was the cause of Mary's severe injuries and subsequent death.  *Id.* at ¶ 28.

- Plaintiff has been damaged by Defendants' negligence.  *Id.* at ¶ 29.

These allegations state plausible negligence claims against Maas and Melvin.  Accordingly, there is doubt about the right of removal and this case must be remanded.  *See Gaus,* 980 F.2d at 655.

## IV.   ORDER

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Remand (doc. 11) is **GRANTED** and Defendants' Motion to Dismiss (doc. 7) is **DENIED**.

The Clerk of Court is directed to remand this Case to Montana's Thirteenth Judicial District, Yellowstone County.

Dated this 31st day of January, 2013.

>    */s/ Richard F. Cebull*_____
>    Richard F. Cebull
>    United States District Judge